IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
ALABAMA EASTERN DIVISION



| | |
|---|---|
| JENNIFER NORTON, CHERYL D. JONES, RENAULDO JACKSON, | § § § § |
| Plaintiffs, | § § Civil Action no: § § 3:19-cv-63 |
| V. | § § |
| MAHEK LLC, | § § JURY TRIAL DEMANDED |
| Defendant. | § § |

## COMPLAINT FOR UNPAID MINIMUM WAGE AND OVERTIME

Plaintiffs, Jennifer Norton, Cheryl D. Jones, and Renauldo Jackson, by and through undersigned counsel, state as follows:

### STATEMENT OF FACTS

1. This action is brought pursuant to 216(b) of the Fair Labor Standards Act for unpaid minimum wages and overtime.

2. Plaintiffs were employed by MAHEK, LLC (hereafter "Defendant" or "Steak 'N' Shake") within the three (3) year period preceding the filing of this Complaint.

3. Steak 'N' Shake is a "fast food" restaurant.

4. As part of their employment with Defendant, Plaintiffs prepared food products for over the counter and window customer pickup, operated cash registers, and cleaned all areas of the restaurant as necessary.

5. Plaintiffs were paid an hourly rates that sometimes varied depending on their startings rate which was typically about $8.00 per hour, and how long they had worked as an employee for Steak 'N' Shake, up to about $12.00 per hour.

1

6. Plaintiffs each routinely worked from six (6) nine (9) hours a day, and five to seven (7) days a week.

7. Defendant maintains its own pay records and prepares tax records related to Plaintiffs employment.

8. Defendant maintains a registered agent office at 1120 Wildwood Crossing, Birmingham, AL 35211.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000e and 28 U.S.C. § 1331, 1337, 1343, and 1346. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because Defendant resides in this district.

11. All conditions precedent to jurisdiction are met.

## PARTIES

12. Plaintiffs Norton, Jones, and Jackson reside in Lee County, Alabama.

13. Defendant, at all times herein mentioned, conducts business in Alabama and derives substantial revenue from its efforts in Alabama, and is subject to personal jurisdiction in Alabama.

## CLAIM FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT OF 1938

14. Plaintiffs reassert and incorporate by reference paragraphs 1 thru 13 set forth above as if fully restated herein.

15. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

2

16. Defendant intentionally kept inaccurate employee time and payroll records, and/or intentionally made false changes to those records, in violation of the FLSA.

17. Defendant violated the FLSA by failing to pay overtime compensation to Plaintiffs for all hours worked in excess of 40 in a week.

18. In many instances, Defendant violated the FLSA by an intentional failure to keep accurate payroll records which resulted in Plaintiffs not being paid minimum wages, even more, resulted in them not being paid anything at all for many hours worked.

19. Defendant's failure to accurately record hours worked by plaintiffs was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage and overtime compensation has been unlawfully withheld by Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

20. Plaintiffs are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three years preceding the filing of this Complaint, because Defendant acted willfully and knew, or showed reckless disregard, of whether its conduct was prohibited by the FLSA.

21. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## DAMAGES

22. Plaintiffs would show the court that they have suffered actual damages for lost wages as a direct result of Defendants' employment practices described above.

23. Plaintiffs are entitled to recover unpaid minimum wages and overtime related to Defendant's failure to pay them at legal rates for all hours worked, plus liquidated damages, for the three year period in which they were employed preceding the filing of this Complaint.

24. Plaintiffs are entitled to recover their reasonable and necessary attorney's fees and expenses.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that judgment be entered against Defendant and in favor of Plaintiffs and:

a) Award Plaintiffs the value of their unpaid wages and liquidated damages;

b) Award Plaintiffs their attorneys' fees, including litigation expenses, and the cost of this action; and

c) Grant such other and further relief as may be just and proper.

Respectfully submitted this the 16th day of January 2019.

/s/ Robert C. Epperson
**ROBERT C. EPPERSON**
repperson@rcelaw.com
P. O. Box 477
Foley, AL 36536
(251)-943-8870 – Phone

## JURY DEMAND

Plaintiffs demand a trial by struck jury on all issues triable by jury.

*Robert C Epperson*
**ROBERT C. EPPERSON**

Plaintiff requests this Honorable Court to serve via certified mail upon each of the named Defendant the following: Summons, Complaint.

Defendant's Address:
MAHEK LLC
Attention: Mona Dossani
2775 Cruse Road STE 202
Lawrenceville, GA 30044

*Robert C Epperson*
**ROBERT C. EPPERSON**