IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER NORTON, CHERYL D. JONES, and RENAULDO JACKSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-63-ALB-WC |
| | ) | |
| MAHEK LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs Jennifer Norton, Cheryl D. Jones, and Renauldo Jackson have brought a Complaint against Defendant Mahek LLC under the Fair Labor Standards Act.  The undersigned held a status conference in this case on May 17, 2019.  For good cause and as set forth below, it is the recommendation of the Magistrate Judge that the claims brought by Jennifer Norton and Renauldo Jackson be dismissed for want of prosecution.

**I.    BACKGROUND**

Defendant filed an Unopposed Motion to Compel on May 2, 2019, asking the Court to compel Plaintiffs to respond to Defendant's discovery requests. *See* Doc. 21.   Plaintiffs' counsel was unopposed to the Motion to Compel because the failure to provide discovery responses to Defendant was based on Plaintiffs' having ceased communicating with him. *Id.* ¶ 2.  Counsel for both parties requested a conference with the court regarding Plaintiffs' discovery obligations. *Id.*   Thus, the undersigned held a telephone status conference on May 8, 2019. *See* Dkt. Entry dated 5/8/19.

During the telephone status conference, Plaintiffs' counsel explained that he had made several attempts to reach his clients regarding their overdue discovery responses and proceeding with the case generally, but Plaintiff Cheryl Jones was the only Plaintiff who responded.   As a result, the undersigned advised the parties' attorneys that he would issue an order requiring Plaintiffs to attend a status conference so the court could determine their willingness to prosecute this action.   The undersigned also directed Plaintiffs' counsel to send a copy of the order to Plaintiffs by certified mail.   An order was then issued setting the status conference for May 17, 2019, and expressly stating that a failure to attend may result in the imposition of sanctions.   *See* Doc. 23.

At the status conference, Plaintiff's counsel represented in court that he sent the court's order to Plaintiffs Norton and Jackson by certified mail at the address he had for them on file.   He further stated that both certified mail envelopes had been delivered, but he could not determine the name of the individual who had signed for delivery of either envelope.   Plaintiff Cheryl Jones was the only Plaintiff who attended the status conference.

## II.   DISCUSSION AND ANALYSIS

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b).   As the Supreme Court recognized in *Link v. Wabash Railroad Company*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." 370 U.S. 626, 629–30 (1962).   Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic

2

sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir. 1988)).

The undersigned recommends that dismissal is appropriate for the claims of Plaintiffs Jennifer Norton and Renauldo Jackson, as they have failed to prosecute this case despite having been provided more than a reasonable opportunity to do so.  Specifically, these Plaintiffs have failed or refused to maintain communication with their attorney and have failed to provide Defendant with responses to its discovery requests by the deadline set forth in the rules or the extended deadlines agreed to by Defendant's attorney. Doc. 21 ¶ 1–2 and Exhibits A–C.  Because of the unresponsiveness by Plaintiffs Norton and Jackson, their attorney agreed to the granting of a motion to compel against them and requested a status conference to advise the court of their unwillingness to respond or communicate with him. *Id.* ¶ 2.

In order to assess Plaintiffs' desire to move forward with this case, the undersigned entered an order requiring their presence at a status conference and warning that sanctions could be imposed if they failed to appear. Doc. 23.  That order was sent to Plaintiffs by certified mail and delivered, although it is unclear whether they signed for the envelope or if someone else signed for them.  Despite their attorney's repeated attempts to contact them and despite the court's order to appear, which expressly warned that a failure to appear could result in sanctions, Plaintiffs Norton and Jackson failed to respond to their attorney or appear at the status conference.   Accordingly, the undersigned recommends dismissal of all claims brought by Plaintiffs Jennifer Norton and Renauldo Jackson.

With respect to dismissals, the Eleventh Circuit has held:

> Dismissal of a case with prejudice under Rule 41(b) is a sanction of last resort, applicable only in extreme circumstance. *Id.* Simple negligence does not warrant dismissal. *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). Rather, "[d]ismissal is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

*McIntosh v. Gauthier*, 182 F. App'x 884, 886–87 (11th Cir. 2006).   Plaintiffs have repeatedly ignored requests from their attorney to communicate with him regarding discovery responses and their desire to prosecute this case.   However, after Plaintiffs' counsel sent copies of the court's order requiring their attendance at a status conference, the attorney was unable to state with certainty that either Plaintiff was the individual who actually signed for the certified mail envelopes.   Accordingly, being mindful of the judicial caution that should attend a dismissal and unable to find a "clear record of willful contempt," the undersigned recommends that the claims of Plaintiffs Norton and Jackson be dismissed without prejudice.

## III.   CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that all claims by Plaintiff Jennifer Norton and Renauldo Jackson be DISMISSED WITHOUT PREJUDICE for want of prosecution.

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **June 12, 2019**.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.   Frivolous, conclusive, or general objections will not be considered by the

district court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of May, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE