IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER NORTON, CHERYL D. JONES, and RENAULDO JACKSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:19-cv-00063-ALB-GMB |
| v. | ) ) | |
| MAHEK LLC, | ) ) | |
| Defendant. | ) | |

## ORDER

On May 29, 2019, the Magistrate Judge filed a Recommendation (Doc. 27) to which no timely objections have been filed. (Dkt. Entry dated 6/13/19). There being no objections filed, and after an independent and *de novo* review of the record and the Recommendation, this Court concludes that the Magistrate Judge's Recommendation is due to be adopted.

Accordingly, it is **ORDERED** that:

1. The Recommendation of the Magistrate Judge (Doc. 27) be and is hereby **ADOPTED**[1];

---

[1] To the extent the Recommendation relies on *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982), for the proposition that a party is barred from "attacking on appeal factual findings in the [Recommendation] accepted or adopted by the district court except upon grounds of plain error or manifest injustice," the Court does not rely on that case in reaching its conclusion. Though the Eleventh Circuit has not expressly overruled *Nettles*, Eleventh Circuit Rule 3-1, which took effect on December 1, 2014, provides that "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

2. The claims against Defendant brought by Plaintiffs Jennifer Norton and Renauldo Jackson are hereby **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**DONE** and **ORDERED** this 24th day of June 2019.

                                                    /s/ Andrew L. Brasher
                                      ANDREW L. BRASHER
                                      UNITED STATES DISTRICT JUDGE

---

unobjected-to factual *and legal* conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for *plain error* if necessary in the interests of justice." (emphases added). Nevertheless, the Eleventh Circuit has continued to rely on *Resolution Trust Corp v. Hallmark Builders, Inc.*, 996 F.2d 1144 (11th Cir. 1993), for the proposition that a party may not challenge on appeal unobjected-to factual findings "in the absence of plain error or manifest injustice." *Taylor v. Pekerol*, 760 F. App'x 647 (11th Cir. 2019).