## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF
## ALABAMA EASTERN DIVISION

| | |
|---|---|
| **Jennifer Norton, Cheryl D. Jones, Renauldo Jackson,** | |
| **Plaintiff(s),** | **Civil Action No.** |
| **v.** | **3:19-CV-63-WC** |
| **Mahek, LLC,** | |
| **Defendant(s).** | |

### AMENDED ANSWER

Defendant MAHEK, LLC submits this Amended Answer to the allegations of the only remaining Plaintiff, Cheryl Jones, as Plaintiffs Norton's and Jackson's claims have been dismissed.

### Statement of Facts

1.      Defendant denies Plaintiff Jones is owed any unpaid minimum wages or overtime; hence, Defendant denies Plaintiff Jones's characterization of this lawsuit in paragraph 1.

2.      Admitted Plaintiff Jones was employed by MAHEK, LLC *d/b/a* Steak 'N' Shake within the two-year period preceding the filing of the Complaint.  Except as expressly admitted, the allegations in paragraph 2 are denied.

3.      Admitted Steak 'N' Shake is a restaurant.  Except as expressly admitted, the allegations in paragraph 3 are denied.

4.      Admitted Plaintiff Jones performed various jobs in connection with her respective employment with Defendant.  Except as expressly admitted, the allegations in paragraph 4 are denied.

Jennifer Norton, Cheryl D. Jones, Renauldo Jackson v. Mahek, LLC
Civil Action No.: 3:19-CV-63-WC
Amended Answer

5.    Admitted Plaintiff Jones was paid an hourly rate of pay of $8.75 per hour.  Except as expressly admitted, the allegations in paragraph 5 are denied.

6.    Denied.

7.    Admitted Defendant maintains pay records and prepares tax records related to its employees.  Except as expressly admitted, the allegations in paragraph 7 are denied.

8.    Admitted the address for Defendant's registered agent is 1120 Wildwood Crossing, Birmingham, Alabama 35211.  Except as expressly admitted, the allegations in paragraph 8 are denied.

## Jurisdiction and Venue

9.    Defendant admits Plaintiffs invoke this Court's subject matter jurisdiction. Admitted that 29 U.S.C. § 216(b) provides an action to recover may be maintained in any Federal court of competent jurisdiction.  Admitted 28 U.S.C. § 1331 states district courts have original jurisdiction of all civil actions arising under the laws of the United States.  Except as expressly admitted, the allegations of paragraph 9 are denied.

10.    Defendant admits venue in this district is proper pursuant to 28 U.S.C. § 1391(b). Except as expressly admitted, the allegations in paragraph 10 are denied.

11.    Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 11 and therefore denies same.

## Parties

12.    Defendant lacks information sufficient to form a belief as to the truth or veracity of the county of residence of Plaintiff Jones, and therefore denies same. Because Norton's and Jackson's claims have been dismissed, Defendant denies the allegations in paragraph 12 as to their residences.

Jennifer Norton, Cheryl D. Jones, Renauldo Jackson v. Mahek, LLC
Civil Action No.: 3:19-CV-63-WC
Amended Answer

13.     Defendant admits it conducts business in Alabama.  Except as expressly admitted, the allegations in paragraph 13 are denied.

## **Claim for Relief Under the Fair Labor Standards Act of 1938**

14.     Defendant reasserts its answer to paragraphs 1-13.

15.     Defendant admits the FLSA, 29 U.S.C. § 201, *et seq.* affords certain rights to employees.  Except as expressly admitted the allegations in paragraph 15 are denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Defendant admits 29 U.S.C. § 216(b) allows successful plaintiffs a reasonable attorney's fee and costs of the action.  Defendant denies Plaintiff Jones is owed any unpaid minimum wages or overtime.  Except as expressly admitted or denied, the allegations in paragraph 21 are denied.

## **Damages**

22.     Denied.

23.     Denied.

24.     Denied.

Defendant denies Plaintiff Jones is entitled to any of the relief requested in the unnumbered paragraph following paragraph 24.  Because Norton's and Jackson's claims have been dismissed, Defendant denies they are entitled to any of the relief requested in the unnumbered paragraph following paragraph 24.

Jennifer Norton, Cheryl D. Jones, Renauldo Jackson v. Mahek, LLC
Civil Action No.: 3:19-CV-63-WC
Amended Answer

In further defense, Defendant states:

### First Defense

This defendant denies each and every material averment not previously admitted hereinabove and demands strict proof thereof.

### Second Defense

Plaintiff's claims are barred to the extent they were filed beyond applicable statutes of limitations.

### Third Defense

Defendant denies the nature and extent of Plaintiff's alleged damages and demands strict proof thereof.

### Fourth Defense

Plaintiff's claims are barred by collateral estoppel.

### Fifth Defense

Plaintiff's claims are barred by judicial estoppel.

### Sixth Defense

Plaintiff's claims are barred by res judicata.

### Seventh Defense

Plaintiff's claims are barred by issue preclusion.

### Eighth Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### Ninth Defense

Plaintiff was paid for each hour worked and Defendant denies that it is indebted to or owes any further or additional compensation to Plaintiff.

### Tenth Defense

Defendant is entitled to an offset for all compensation, wages, and/or benefits paid in lieu of compensation.

Jennifer Norton, Cheryl D. Jones, Renauldo Jackson v. Mahek, LLC
Civil Action No.: 3:19-CV-63-WC
Amended Answer

### Eleventh Defense

Defendant claims and is entitled to an offset for money Plaintiff Jones stole from the cash register at Defendant's restaurant while she was employed.

### Twelfth Defense

Defendant denies it is indebted to Plaintiff for any further or additional compensation, wages, and/or benefits.

### Thirteenth Defense

The allegations in Plaintiff's Complaint fail to meet the pleading standards of *Iqbal* and *Twombly*.

### Fourteenth Defense

Plaintiff Jones's complaint fails to state a claim upon which relief can be granted.

### Fifteenth Defense

Plaintiff Jones lacks evidence sufficient to prove the elements of her claims.

### Sixteenth Defense

Plaintiff Jones's claims are filed without factual or legal support, amounting to bad faith abuse of the legal process.

### Seventeenth Defense

Plaintiff Jones's factual contentions have no evidentiary support.

### Eighteenth Defense

Plaintiff failed to mitigate her damages.

### Nineteenth Defense

Defendant made good faith efforts to comply with the Fair Labor Standards Act and any acts or omissions complained of were undertaken or made in good faith and/or in conformity with, and in reliance on, written administrative regulations, orders, ruling, or interpretations of the Administrator of the of the Wage and Hour Division of the Department of Labor.

### Twentieth Defense

Plaintiff is not entitled to liquidated damages, even if she can prove a violation of the law, because any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good

Jennifer Norton, Cheryl D. Jones, Renauldo Jackson v. Mahek, LLC
Civil Action No.: 3:19-CV-63-WC
Amended Answer

faith, and the Defendant had reasonable grounds for believing that its actions or omissions did not violate the law.

### Twenty-first Defense

Defendant reserves the right to amend this answer to add any defense, which might be subsequently revealed through discovery or otherwise.

Respectfully submitted,

Brandi B. Frederick (ASB-4725-B59B)
Attorney for Defendant

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South
Suite 100
Birmingham, AL  35226
Email: bfrederick@maplaw.com
Phone: (205) 870-3767
Direct: (205) 314-1023
Fax:    (205) 870-3768

### CERTIFICATE OF SERVICE

I hereby certify that, on the 25th day of June, 2019, I have served a copy of the above and foregoing on counsel for all parties by:

X_____          Using the Electronic Filing system, which will send notification of such to the following:

Robert C. Epperson
P. O. Box 477
Foley, AL  36536
Email Address: repperson@rcelaw.com
    Attorney For Plaintiffs

OF COUNSEL